McGivney, Kluger, Clark & Intoccia, P.C.
Gary J. Intoccia, Esq. (NY 824882)
100 Madison Street
Suite 1640
Syracuse, New York 13202
(315) 473-9648
Attorneys for Petitioners

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN THE MATTER OF:<br><br>In the Complaint of JAMES D. BASIL and MARY BETH BASIL, as Owners of a 2021 Sea Doo RXT-X 300 Jet Ski, Bearing VIN Number: YDV23217K02 and ROBERT M. BASIL as Operator of said 2021 Sea Doo RXT-X 300 Jet Ski, Bearing VIN Number: YDV23217K02 for Exoneration from or Limitation of Liability. | Civil Action No.<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK:

This is a Complaint of JAMES D. BASIL and MARY BETH BASIL, as Owners of a 2021 Sea Doo RXT-X 300 Jet Ski, Bearing VIN Number: YDV23217K02 (hereinafter "the Vessel") and ROBERT M. BASIL as Operator of said 2021 Sea Doo RXT-X 300 Jet Ski, Bearing VIN Number: YDV23217K02 at the time of the incident (hereinafter collectively as "Petitioners") by and through the undersigned counsel, in a cause of action for exoneration from or limitation of liability, civil and maritime, states:

1. This is a case of admiralty and maritime jurisdiction of the United States District Court arising under Article III, Section 2 of the United States Constitution and 28 USC § 1333, and Rule 9(h) of the Fed. R. Civ. P.

2. At all relevant times, and at the time of the alleged incident, PETITIONERS JAMES D. BASIL and MARY BETH BASIL were the owners of the VESSEL.

3. At all relevant times, and at the time of the alleged incident, PETITIONER ROBERT M. BASIL was the operator of the VESSEL.

4. To the PETITIONERS' knowledge, the VESSEL has not been attached or arrested.

5. On November 13, 2023, an action was brought in the Supreme Court of New York, Erie County against PETITIONERS for damages caused by the events described in this Complaint with the Index No. 23161770. As such, venue within this District is proper.

6. Upon information and belief, PETITIONERS first received notice of potential claims on or about November 13, 2023, and therefore this Complaint is filed timely within the meaning of 46 U.S.C. § 30505 *et. seq.*

7. Prior to and at all times hereinafter described, PETITIONERS exercised due diligence to make and maintain the VESSEL in all respects seaworthy; and at all times hereinafter described it was in all respects seaworthy and fit for the use in which it was engaged during the occurrence of the incident, damages, and injuries, hereinafter described.

8. On or about July 1, 2021, the VESSEL was on the navigable waters of Lake Erie, Chautauqua County, New York.

9. The VESSEL was operated by PETITIONER ROBERT M. BASIL, and potential claimant, Megan N. Bouton, was a passengers on the vessel, invited aboard by Mr. Basil.

10. The VESSEL, being operated by ROBERT M. BASIL, was accelerating from a stop or near stop when Claimant Bouton removed her arms from him and slid backwards off the jet ski.

11. Potential Claimant Megan N. Bouton claims to have sustained personal injuries and damages from the incident.

12. The aforesaid personal injuries and damages were not caused or contributed to by any fault, negligence, or lack of due care on the part of PETITIONERS.

13. Potential claimants to this action include the following:

   a. Meagan N. Bouton: 20 Graystone Lane located in Orchard Park, New York 14127.

14. PETITIONERS do not know the total amount of all claims that may be made for damages resulting from the above described incident involving the VESSEL, but anticipate, fear, and believe that suits and claims have or will be asserted and prosecuted against them in amounts exceeding the total sum or sums for which PETITIONERS may be legally responsible or may be required to pay under the applicable statutes governing exoneration from or limitation of liability.

15. There are no demands, unsatisfied claims or lien against the VESSEL arising out of the above-described incident, or any suit pending thereon, so far as known to PETITIONERS, other than those set forth in Paragraph 5 of this COMPLAINT.

16. Based upon information and belief, the entire aggregate amount of PETITIONERS' interest in the VESSEL after the incident was $17,950 dollars; there is no pending freight. *See* Certificate of Market Valuation of James D. Basil, attached hereto as **Exhibit A**.

17. Subject to any appraisal of its interest upon reference, PETITIONERS, herewith, agree to deposit with the Court, as security for the benefit of claimants, an *Ad Interim* Stipulation for Value, plus interest at 6% per annum from the date of said stipulation (said sum being not less than the amount or value of PETITIONERS' interest in the VESSEL following the incident) should the Court order same. *See, Ad Interim* Security attached hereto as **Exhibit B**.

18. PETITIONERS claim exoneration from liability for any and all damages and injuries caused by the incident involving the VESSEL, and for any and all claims thereof, PETITIONERS allege that they have valid defenses thereto on the facts and on the law.

19. PETITIONERS, without admitting but affirmatively denying all liability, claim the benefit of the limitation of the liability provided for in 46 USC § 3050 *et seq.* and the various statutes supplemented thereto and amended thereof.

20. The VESSEL is located within the district, as such venue is proper. If it later appears that PETITIONERS may be liable and the amount or value of PETITIONERS' interest in the VESSEL is not sufficient to pay all losses in full, then Potential Claimants shall share *pro rata* any retained parts, saving claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statutes, or by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims and by the rules and practices of the Honorable Court.

21. All and singular these premises are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE,** PETITIONERS, JAMES D. BASIL, MARY BETH BASIL, and ROBERT M. BASIL, PRAY THAT:

(1) This Court issue an Order approving the above-described *Ad Interim* Stipulation for Value with surety, deposited with the Court by PETITIONERS, as security for the amount or value of PETITIONERS' interest in the aforesaid VESSEL until such time the Court causes due appraisement to be made of the amount of the value of PETITIONERS' interest in;

(2) This Court issue a Notice to all persons asserting claims with respect to which the Complaint seeks limitation admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for the PEITIONERS a copy thereof on or before a date to be named in the notice and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability he or she shall file and serve on the attorneys for PETITIONERS an answer to the Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3) This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against PETITIONERS, as aforesaid, and/or against the VESSEL or against any property of the PETITIONERS except in this action to recover damages for or in respect of any property damages or personal injuries caused by or resulting from the aforesaid incident involving the VESSEL, or otherwise done, occasioned or incurred as a result of the aforesaid incident involving the VESSEL;

(4) This Court adjudge that PETITIONERS are not liable to any extent for any damages or injuries, or for any claim therefore in any way arising out of or resulting from the aforesaid incident, damages or injuries, that were done, occasioned or incurred as the result of the aforesaid incident involving the VESSEL;

(5) The Court in this proceeding will adjudge that the PETITIONERS were not liable to any extent for any damages or injuries, or for any claim whatsoever in any way arising form or in consequence of the aforesaid incident involving the VESSEL, or if PETITIONERS shall be adjudged liable, then that such liability be limited to the amount or value of PETITIONERS' interest in the VESSEL, as aforesaid, and that PETITIONERS be discharged therefrom upon the

surrender of such interest and that the money surrendered, paid and secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging PETITIONERS from all further liability;

    (6)    PETITIONERS may have such other, further or different relief as may be just.

Dated: March 8, 2024
       Syracuse, New York

                                    McGIVNEY, KLUGER
                                    CLARK & INTOCCIA, P.C.

By: _____
     Gary J. Intoccia, Esq.
     (NY 824882)
     *Attorneys for Petitioners*
     James D. Basil
     Mary Beth Basil
     Robert N. Basil
     100 Madison Street, Suite 1640
     Syracuse, New York 13202
     Tel: (315) 473-9648

## AFFIDAVIT VERIFYING COMPLAINT

STATE OF _New York_ )

COUNTY OF _Erie_ )

Before me, the undersigned authority, personally appeared James D. Basil, who after being duly sworn, on oath, deposes and says:

1. That he was the owner of the 2021 See Doo RXT-X 300 Jet Ski, Bearing VIN Number: YDV23217K02on the date of the alleged incident.

2. That he has read the Complaint in this action, know the contents thereof, and the same are true and correct to the best of his knowledge, information and belief.

By: _____
James D. Basil

Sworn to before me this
_28_ day of _February_, 2024

_____
Notary Public

MEGEN L. SCHIFFLER
Notary Public, State of New York
Reg. No. 01SC6218005
Qualified in Erie County
Commission Expires Feb. 22, 2026

7